STATE *v.* ALEXANDER JARVIS.

If a servant, entrusted with the custody of goods by his master, fraudulently take them to convert them to his own use, he is guilty of larceny.

A motion to quash an indictment will not be allowed after a verdict.

Indictments found (*here,* at Spring Term, 1867,) under the late Provisional Government of the State, are valid, and are to be heard and ended under the present Government.

Justices of the Peace have no jurisdiction of Larceny. This offence remains under the cognizance of the Superior Courts.

LARCENY, tried before *Mitchell, J.,* at Spring Term 1869 of the Superior Court of BURKE.

The defendant was charged with stealing certain bacon, &c.; and it was shown that the things taken by him were upon the premises occupied by the owner, which had been placed in his custody by such owner, who was also his master, when about to be absent from home for a few days. During that absence the things were removed from the house in which they had been left by the master, to another some three hundred yards distant, occupied by the defendant, and another person.

The defendant objected that he could not be convicted of larceny, even if he intended to *convert* the goods; being guilty only of a breach of trust in regard to things committed to his care. He also, after verdict, moved to quash the indictment;

.and also, upon that motion not being allowed, to arrest the judgment: (1) because the indictment had been found at Spring Term, 1867, and therefore under the Military Government; and (2) because the Court had no jurisdiction over the offence.

This motion was also overruled, and judgment having been pronounced, the defendant appealed.

*Furches*, for the appellant.
*Attorney General, contra.*

DICK, J. The goods alleged in the indictment to have been stolen by the defendant, belonged to the prosecutor, and had been in his actual possession. He entrusted them for a few days to the custody and care of the defendant, his servant. In contemplation of law the goods were in the possession of the owner, and the taking of them by the defendant, with the fraudulent purpose of converting them to his own use, was larceny, and the defendant was properly convicted, 2. East P. C. 564, sec. 14.

The motion to quash the indictment, could not be entertained after verdict, and it was properly disallowed by his Honor.

The grounds for the motion in arrest of judgment are untenable:

1. The Court in which the prosecution was instituted was authorized by the laws of the Provisional Government, and invested with the necessary power of administering public justice, and such laws and judicial proceedings are recognized as valid, and are continued in our present government. Const. Art. IV, Sec. 24.

Our present government was formed under the same authority which organized and sustained the Provisional Government. The two governments are parts of the same system, and the laws of the preliminary government are properly continued until they are altered by the legislation of the permanent government.

2. The jurisdiction of Superior Courts in cases of larceny is not altered by the recent Act regulating "Proceedings in.

Criminal Courts." That Act, in ch. IV, sec. 5, gives jurisdiction to Justices of the Peace in cases "for receiving stolen goods, where the value of the property received does not. exceed five dollars." This jurisdiction cannot be extended to cases of larceny by an implication arising from ch. IV, sec. 7, of said Act.

There is no error in the ruling of his Honor in the Court below, and the judgment must be affirmed.

Let this be certified, &c.

PER CURIAM.                                    No error.