## STATE v. SIRREE HAYWOOD.

For an informality in drawing or empanneling grand jurors, a plea on the arraignment of the defendant for trial, and not a motion to quash, is the proper practice.

Section 229, Code of Civil Procedure, prescribing how the jury lists of the several counties shall be annually prepared by the County Commissioners, is *directory* only, and not *mandatory*. And the objection that the jury list, from which the grand jury was drawn, did not contain the names of all the persons in the county qualified to sit as jurors, was properly overruled in the Court below.

(*State* v. *McEntire*, 2 Car. L. Repos. 28; *Seaborn's case*, 4 Dev. 305, cited and approved.)

CRIMINAL ACTION, for betting at a public gaming table, tried at the Spring Term, 1875, of the Superior Court of WAKE county, before his Honor Judge *Watts.*

The defendant, upon hearing the indictment read, moved to quash the same, because it was not found and presented by a grand jury, duly and regularly selected, summoned, drawn and sworn according to law; whereupon the following facts alleged by the defendant, as the ground for quashing the said indictment, are admitted by the Solicitor.

1. The jury list, from which the jurors for the term at which said bill was found, were selected, did not contain the names of any persons qualified to act as jurors resident in three of the townships of said county, to-wit: Raleigh, Wake Forest and Swift Creek.

2. The County Commissioners made out the said jury list, at their session of September, 1874, on which were 450 names for 14 townships of Wake county; after the *venire* in this case was returned to Court, the said County Commissioners added to the jury list, 212 names of jurors, as the lawful jurors, in the said three omitted townships.

3. The completed and revised lists of the jurors for the whole county for the year 1873, in September of that year, had been prepared by the previous Board of County Commissioners, and was in the custody of the Board which selected said jurors.

His Honor, after argument, refused the motion to quash, and required the defendant to plead, which was done by his entering the plea of " not guilty."

The jury returned a verdict of guilty. Judgment and appeal by defendant.

*Fowle* and *Battle & Son*, for defendant.
*Attorney General Hargrove* and *Harris*, for the State.

BYNUM, J. The regular way of raising the question here made, would have been, not by a motion to quash, but by plea on the arraignment for trial. Such is the course indicated as the most proper in the *State* v. *McEntire*, 2 Car. L. Rep., 28; and afterwards approved in the *State* v. *Seaborn*, 4 Dev., 305. But as the facts are stated and agreed upon, the question will be considered as if raised by plea and demurrer thereto.

The facts are, that the jury list, from which the grand jury finding the indictment was drawn, contained the names of 451 qualified jurors, but did not contain the names of 241 others, who were also qualified and ought regularly to have been on the list, but were omitted therefrom by the County Commissioners in preparing and revising the jury list, from some cause not appearing, and not alleged to have been intentional or corrupt.

Was the indictment well found, is the question. There is no allegation that any of the jurors comprising the grand jury, were not properly qualified jurors, and were not properly on the list drawn from, or that they were not, in every other respect, regularly drawn and empanelled in the manner prescribed by law. Nor is there any suggestion that the de

fendant has been prejudiced by the omission objected to by him. Indeed, it might be a question, whether the State was not more prejudiced than the defendant, inasmuch as the more fully a county is represented by the grand jury, the less chance there will be that criminals will escape notice. This case is an illustration; for the record shows that when the motion to quash was overruled, the defendant was put upon his trial, and upon the plea of not guilty, was convicted. And now, in this Court, he relies only upon the technical objection as to the regularity of the finding of the grand jury.

The law, C. C. P., sec. 225, prescribes in detail and with much particularity how the jury list of the county shall be annually prepared and revised by the Board of County Commissioners. It is highly conducive to the fair and impartial administration of justice, that these details should be strictly observed and followed, and any intentional non-observance of them is the subject of censure, if not of punishment. But it is well settled that they are only rules and regulations which are *directory* only, and have never been held to be *mandatory,* where the persons summoned are qualified jurors in other respects. It is clear from the statute itself that these rules are not mandatory, as they are nowhere declared to be, and no penalty is affixed for a violation of them. So far from regarding as fatal an omission to follow strictly these regulations so prescribed, the statute, C. C. P., sec. 229, expressly provides that irregularities of the kind shall not vitiate. " In all cases where the county commissioners of any county may have revised the jury list or corrected the same, or drawn a jury at a time or in a manner different in from that prescribed by law, shall be valid as if drawn at the proper time and in the proper manner: Provided, said action has been in all other respects conformable to law. This proviso does not embrace our case. If a person not on the jury list should be summoned, or one not qualified as a juror, such irregularity could not be " conformable to law," and would fall within the proviso, and if

objected to in apt time and manner, would probably be fatal to the indictment found.

The whole doctrine upon this subject is so fully discussed in *State* v. *Seaborn*, 4 Dev. 805, that it is unnecessary to do more than refer to it.

There is no error.

PER CURIAM.                                        Judgment affirmed.