STATE *v.* LILES.

STATE v. MARTIN LILES and others.

*Indictment—Disqualification of Juror.*

Where an indictment was quashed upon the ground that one of the grand jurors who found the bill was a party to an action pending and at issue in the Superior Court; *Held*, not to be error. (Bat. Rev. ch. 17, § 229 (g) )

(*State* v. *Griffice*, 74 N. C. 316, cited and approved.)

INDICTMENT for Larceny tried at Spring Term, 1877, of ANSON Superior Court, before *McKoy, J.*

The defendants moved to quash the indictment on the ground that one of the grand jurors who found the bill

STATE *v.* LILES.

against them was disqualified by Bat. Rev. ch. 17, § 229 (g) which is as follows; "If any of the jurors drawn have a suit pending and at issue in the Superior Court, the scrolls with their names must be returned into partition No. 1 of the jury box."

His Honor allowed the motion and *Pemberton*, Solicitor for the State, appealed.

*Attorney General*, for the State.
No counsel for the defendants.

FAIRCLOTH, J. The defendants were indicted and on being called to answer the charge, moved to quash the indictment on the ground that one of the grand jurors who presented the bill, at the time he was drawn as juror, had a suit pending and at issue in the Superior Court of the same County. The motion was allowed and the Solicitor appealed. We sustain the order of His Honor, and hold that the juror was disqualified simply because the law is so written. Bat. Rev. ch. 17, § 229, (g).

In such cases the objection must be taken in apt time as was done in the present instance. *State* v. *Griffice*, 74 N. C. 316.

There is no error. Let this be certified, &c.

PER CURIAM.                    Judgment affirmed.