STATE v. A. A. SMITH and another.

*Incompetent Juror.*

1. Upon motion made in apt time, an indictment will be quashed where one of the grand jury who found the bill was a party to an action pending and at issue in the superior court. Bat. Rev., ch. 17, § 229 (g).

2. Such juror is incompetent, and the defendant in a criminal action is not required to show affirmatively that the juror was present and participated in the deliberations of the grand jury when the bill was found.

(*State* v. *Griffice,* 74 N. C., 316; *Haywood's case,* 73 N. C., 437; *Liles',* 77 N. C., 496, cited and approved.)

INDICTMENT for an Affray tried at Fall Term, 1878, of YADKIN Superior Court, before *Graves, J.*

The facts necessary to an understanding of the case are embodied in the opinion of this court. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the state.
No counsel for the defendant.

DILLARD, J. The defendant had the right before he was put to answer a charge of the state against him, to require that the accusation should be preferred by a bill of indictment found by a grand jury composed of men qualified as prescribed by law, and he was at liberty to avail himself of any want of qualification in the grand jury, in whole or part, when called on to plead. This is settled by the decisions of this court. *State* v. *Griffice,* 74 N. C., 316, and *State* v. *Haywood,* 73 N. C., 437.

When called on to make his defence the defendant pleaded in abatement of the bill, that Wm. Reaves, one of the grand jury who found the bill, had a civil suit at issue in the court at the term at which the bill was found, and on the trial by

the court of the issue joined on the plea in abatement (a trial by jury having been waived) the fact alleged as a disqualification was found to be true, as the case of appeal states, and thereupon the defendant was entitled to judgment abating the bill. But His Honor held that the having a suit at issue in the court did not amount to a disqualification of the juror, unless the defendant showed, as he had not done, the presence and participation of the juror in the deliberations of the jury when the bill against-him was acted on. The existence of a suit at issue to which the juror is a party at the time he is drawn as such, renders the juror incompetent and makes abatable any bills of indictment that may be found by the body of which he is a member, if objection be taken before plea of traverse to the bill. The statute, Bat. Rev. ch. 17, § 229, (g) is absolute and unconditional, and the disqualification created thereby depends on the status of the juror in this respect, and that only ; and to take advantage of such incompetency, it is incumbent on the party accused to show that fact by proof, and he is not required to show affirmatively that the juror was present and participated in the deliberations of the jury on the bill against him, as that is presumed to be true. *State* v. *Liles,* 77 N. C., 496.

We hold that the juror, Reaves, upon the facts found by His Honor was disqualified to be of the grand jury at the term of the court when the bill against the defendant was found, and that His Honor on the plea of the defendant should have pronounced judgment abating the bill.

There is error. Judgment of the court below is reversed, and this will be certified that judgment may be entered in accordance with this opinion.

Error.                    .                Reversed.