### STATE v. J. A. BALDWIN.

*Escape—Indictment—Sufficiency of—Quashing.*

1. An indictment will not be quashed on the ground of a defect in the accusing body, unless the motion is made at the earliest opportunity after bill found—on arraignment of defendant.

2. Relationship of a juror to a prisoner is good ground of challenge.

3. An indictment alleging that defendant, a jailor, did negligently permit the escape of prisoners charged by the superior court with murder, and that said prisoners were duly committed to his custody as jailor, is sufficient.

(*State* v. *Griffice,* 74 N. C., 316 ; *Haywood's case,* 73 N. C., 437 ; *Jones',* 78 N. C., 420 ; *Shaw's,* 3 Ire·, 20, cited and approved.).

INDICTMENT for an Escape tried at Fall Term, 1878, of MACON Superior Court, before *Avery, J.*

The bill of indictment was found at fall term, 1877, and is as follows : The jurors, &c., present, that at spring term, 1876, of the superior court of Macon county, one William A. Shepherd and one Henry W. Watson, charged with the murder of one James P. Luckey, were duly committed to the care and custody of J. A. Baldwin, he the said Baldwin then and still being keeper of the common jail of said county, there to be kept and imprisoned in the jail aforesaid until further proceedings be had in pursuance of law. And the jurors, &c., do further present, that whilst the said Shepherd and Watson were in the custody of said Baldwin, as such keeper of the common jail as aforesaid, on the first of October, 1877, in the county aforesaid, he the said Baldwin as keeper aforesaid, unlawfully, negligently and contemptuously did permit and suffer the said Shepherd and Watson to escape and go at large, &c. Under the charge of the court, the jury rendered a verdict of guilty. Judgment, appeal by defendant. The facts are sufficiently stated in the opinion.

*Attorney General,* for the State.
*Messrs. Reade, Busbee & Busbee,* for defendant.

DILLARD, J.  The defendant as keeper of the common
jail of Macon county was charged with the negligent escape
from said jail of Wm. A. Shepherd and Henry W. Watson
duly committed to the jail upon a charge of the murder of
one James P. Luckey.

From the transcript and the case of appeal it appears that
the defendant was indicted at fall term, 1877, and that the
cause was continued at spring term, 1878, without any state-
ment on the record for whom it was so continued, whether
the state or the defendant.  At fall term, 1878, on calling .
the cause for trial, the defendant moved the court to quash
the bill of indictment on the ground of the disqualification
of four of the grand jurors by whom the bill of indictment
was found, by reason of the non-payment of their taxes for
the previous year.  The motion as to the alleged fact of
non-payment of taxes was predicated on the *ex parte* affidavit
of the sheriff of Macon county, and it was urged by de-
fendant that his motion was in apt time, because on his
first arraignment his counsel had been misled and prevent-
ed from making his motion by a proposition of the solicitor
to send a new bill, which it is stated was sent at spring
term, 1878, and was ignored by the grand jury.  The judge
in his case says this did not appear to the court except by
the statement of counsel.  His Honor overruled the motion
to quash, and after a careful consideration of his ruling we
do not see that he erred in law.

It is settled that the defendant, as indeed every person
accused of a violation of the criminal law of the state, has
the right not to be put to a public trial except on a bill of
indictment preferred by a grand jury composed of persons
qualified as by statute prescribed.  If there be a defect in
the accusing body, it is the right of the party indicted, by

plea in abatement or by motion to quash, to avail himself of such defect; but it is required to be exercised at the earliest opportunity after bill found, which must be upon the arraignment when the party is first called upon to answer. *State* v. *Griffice,* 74 N. C., 316; *State* v. *Haywood,* 73 N. C., 437.

Now the motion to quash at fall term, 1878, in its time as set out in the case of appeal, is an admission that defendant on his arraignment, which he calls his first arraignment, had not by plea or otherwise sought to abate the bill against him; and he attempted to except himself from the operation of the rule in such cases by claiming to have been misled and prevented by the sending of a new bill at spring term, 1878, at which time he must have been arraigned and pleaded, and as to the matter urged as constituting an exception to the general rule His Honor in the case says it did not appear to the court except by the statement of counsel.

The defendant on his first arraignment ought to have urged the disqualification of the grand jurors and not traversed the bill; or, if he delayed to do so, upon the expectation to be allowed that liberty at another term, he should have secured to himself that right by an understanding to that effect with the state's counsel, which might have been respected in the sound discretion of the judge. His Honor overruled the motion to quash and in so doing we are not able to see any error committed of which defendant may rightfully complain.

In making up the jury for the trial, the solicitor challenged a juror on the ground of his relationship to one or both of the prisoners for whose negligent escape from the jail the bill was found. His Honor sustained the challenge, and the defendant excepted. It was reasonably to be assumed that relationship of a juror to the prisoners, on a trial against the jailor for negligently allowing them to

escape, would or might affect his indifference as between the state and the jailor, and we think it was competent to the court on objection of a juror to himself for such cause, or on challenge by the state, if the cause on inquiry was found true, to reject such juror and therein the defendant would have no right to complain. *State* v. *Cunningham*, 72 N. C., 469 ; *State* v. *Adair*, 66 N. C., 298.

It has been moved in this court in arrest of judgment on the ground that the bill of indictment is defective, in that, there is no averment for what crime, or by what authority the two prisoners were committed to the care and custody of the jailor. The bill charges " that at spring term, 1876, of the superior court of Macon connty, one William A. Shepherd and one Henry W. Watson, charged with the murder of one James P. Luckey, were duly committed to the care, &c.," of the defendant. From these words used in the bill, we think it sufficiently appears that the commitment was to the defendant as keeper of the jail, upon a specific charge of murder, and by authority of the superior court of Macon county at term, and these essential facts being contained in the bill, the offence is well charged and in law there is no ground to arrest the judgment. *State* v. *Jones*, 78 N. C., 420 ; *State* v. *Shaw*, 3 Ire., 20. Let this be certified, &c.

PER CURIAM.                                      No error.