STATE v. J. MARTIN and others.

*Larceny—Trial, objection to jury—Jury, challenge to array.*

1. Objection to any irregularity in drawing a grand jury must be taken by plea in abatement on the arraignment of defendant and not by motion to quash.

2. In selecting a grand jury, the names of some were drawn and put back in the box and others drawn in their stead to equalize the number among the different townships; *Held*, not to be in strict compliance with section 139 i, of the code, but as the act is directory only, and not mandatory, and no actual wrong was done or intended in this case, a challenge to the array was properly overruled. (The court condemn any departure from the requirements of the statute.)

3. In larceny, several distinct asportations do not constitute different offences where there is a continuing transaction, and the defendant may be indicted for the final carrying away. If there be different kinds of goods enumerated, proof of the larceny of any one is sufficient to warrant a conviction.

4. An indictment for stealing a *hat* need not describe it as a black or white hat, or a felt or beaver.

5. Ten yards of jeans alleged and thirty and a half proved to have been stolen; *no variance.*

6. In a count for receiving stolen goods it is not necessary to aver from whom the goods were received.

(*State* v. *Haywood,* 73 N. C., 437; *Davis,* 2 Ired., 153; *Baldwin,* 80 N. C, 390; *Blackburn, Id.,* 474; *Liles,* 77 N. C., 496; *Griffice,* 74 N. C., 316; *Trexler,* 2 Car. Law Rep., 188; *Minton,* Phil., 196, cited and approved.)

INDICTMENT for Larceny, tried at Fall Term, 1879, of RUTHERFORD Superior Court, before *Buxton, J.*

The special instructions asked for by the defendants on the trial were refused, and after a verdict of guilty they moved for a new trial and in arrest of judgment, both of which motions being overruled, the court pronounced judgment and the defendants appealed. The exceptions taken below are set out in the opinion of this court. The articles alleged to have been stolen were taken from the prosecutor's store at various times during the months of August and September.

*Attorney General,* for the State.
*Messrs. Hoke & Hoke,* for the defendants.

ASHE, J. The defendants' counsel challenged the array of regular jurors, on the ground that they were irregularly drawn. The evidence is that they were drawn from box No. 1 by a boy under ten years of age. Some names were drawn and not used, because the county commissioners thought too many were drawn from one end of the county; and wishing to equalize the number among the different townships, they were put back and others drawn in their stead. While the manipulation of the names of jurors as practiced in this case is to be seriously deprecated and condemned, as tending to corruption and the obstruction of the impartial administration of justice, there seems to have been no actual wrong done or intended on this occasion. And as the jury were drawn under the provisions of chapter 17, section 229 of Battle's Revisal (act of August 4, 1868) prescribing how the jury lists of the several counties shall be prepared by the county commissioners, and this court has construed that section to be directory only, and not mandatory, the exception cannot be sustained. *State* v. *Haywood,* 73 N. C., 437. According to the authority of that case, where

43

there is any informality in drawing or impaneling grand jurors, a plea in abatement on the arraignment and not a motion to quash is the proper practice. On the arraignment in this case the defendants pleaded not guilty; after that it was too late to take objection to any irregularity in drawing the jury. *State* v. *Davis,* 2 Ired., 153; *State* v. *Baldwin,* 80 N. C., 390; *State* v. *Blackburn, Ibid.,* 474; *State* v. *Liles,* 77 N. C., 496; *State* v. *Griffice,* 74 N. C., 316. But in this case it really makes no difference when it was taken..

The first special instruction asked was, that the articles charged to have been stolen were taken at different times, and therefore constituted different offences and cannot be united in the same indictment: His Honor very properly refused this instruction, for it was a continuing transaction, and in such cases, though there may be several distinct asportations, the parties may be indicted for the final carrying away, and all who concur are guilty, though they were not privy to the first and intermediate acts. *State* v. *Trexler,* 2 Car. L. R., 188. And it is held " if there be ten different species of goods enumerated and the prosecutor prove the larceny of any one or more of a sufficient value, it will be sufficient although he fail in his proof of the rest." Arch. Cr. Law., 50.

As to the second instruction prayed, that the articles were insufficiently described, the indictment too vague, and does not identify the articles: There is no error in the refusal of His Honor to give that instruction. The articles charged are one hat, one pair of pants, &c. This was sufficiently descriptive. It was not necessary to describe the hat as a black or white hat, or that it was a felt or beaver. See all the precedents in books of forms.

The remaining instruction asked is, that there was a variance between the proof and allegation, because the indictment charged the larceny of ten yards of jeans, and the proof was thirty and a half yards. This is so absurd that it

looks like trifling with the court, and to cite an authority against the fallacy of the position would be attaching too much importance to the exception.

The defendants having failed to obtain a new trial, moved in arrest of judgment, and assigned as grounds for their motion the objections taken upon the motion for new trial, all of which we have held were untenable; and the further ground "that the count for receiving was defective in not stating from whom the goods were received:" His Honor refused to arrest the judgment, in which ruling there was no error. In an indictment for receiving stolen goods it is not necessary to state from whom the goods were received. *State* v. *Minton*, Phil., 196. There is no error. Let this be certified to the superior court of Rutherford county.

PER CURIAM.                                    Nor error.