### STATE v. GEORGE WATSON.

*Quashing Indictment—Plea in Abatement—Apt Time.*

A plea in abatement to an indictment, for an alleged disqualification of the grand jurors who found the bill, (here, non-payment of taxes for preceding year,) should be allowed if filed in apt time, that is, at the time of arraignment before plea of not guilty.

(*State* v. *Smith*, 80 N. C., 410 ; *State* v. *Baldwin*, *Ib.*, 390 ; *State* v. *Griffice*, 74 N. C., 316 ; *State* v. *Haywood*, 73 N. C., 437 ; *State* v. *Seaborn*, 4 Dev., 305, cited and approved.)

INDICTMENT for larceny tried at Fall Term, 1881, of RICHMOND Superior Court, before *Graves, J.*

The indictment was found by the grand jury of Anson county at spring term, 1880, of the superior court for that county, against the defendant John Dulton and others. A *capias* was issued for the defendant returnable to fall term, 1880, of said court, at which court the cause was continued upon the affidavit of Henry Beverly, one of the codefendants, to spring term, 1881, at which term the defendant George Watson filed a plea in abatement to the indictment, founded upon an alleged defect in the organization of the grand jury, by whom the bill of indictment was presented, to wit: that two of the grand jurors were incompetent to serve as such, for the reason that they had not paid their taxes for the year preceding the term of the court at which said bill of indictment was found. Upon this plea the court found the facts as follows: The bill was found at spring term, 1880, and at fall term, 1880, the defendant was in court and ready for trial, but the case was continued on the application of his co-defendant Beverly. The judge declined to try Watson alone at fall term, 1880, and continued the case as to all the defendants.

On these facts the court declined to quash the bill on this plea, and the defendant excepted.

The defendant then pleaded not guilty, but the verdict was set aside and a new trial granted. A severance of the defendants was then ordered by the court and the defendant was allowed to be tried apart from the other defendants. His cause was then removed upon his affidavit to the county of Richmond, where at fall term, 1881, he was brought to trial, and found guilty. Judgment, appeal by defendant.

*Attorney General*, for the State.
*Messrs. Burwell & Walker*, for defendant.

ASHE, J. The only exception taken on the trial was to the ruling of His Honor in admitting certain evidence which was objected to by the defendant, but we think it needless to consider it, as we are of the opinion that an error was committed in declining to entertain the plea of abatement.

Every defendant has the right before he is put to answer a charge of the state against him, to require that the accusation should be preferred by a bill of indictment found by a grand jury composed of men qualified to serve, as prescribed by law, and he is at liberty to avail himself of the disqualification of any one or more of them when or before he is called upon to plead. *State v. Smith*, 80 N. C., 410.

The non-payment of taxes for the year preceding the term of the court when a bill of indictment is found, has been held to disqualify a grand juror, and a defendant may avail himself of such a disqualification by a plea in abatement if filed in *apt time*. *State v. Griffice*, 74 N. C., 316. What is meant by *apt time* is the *arraignment* of the defendant. *State v. Griffice, supra; State v. Haywood*, 73 N. C., 437; *State v. Seaborn*, 4 Dev., 305; *State v. Baldwin*, 80 N. C., 390.

In these, and other cases we might cite, the time limited for filing a plea in abatement is the arraignment, and the "arraignment is nothing but the calling of the offender to

the bar of the court to answer the matter charged against him by indictment or appeal." 2 Hale's P. C., 216; 4 Black., 321. In this case the defendant was not called upon to plead until the spring term, 1881, when he filed his plea in abatement. Achbold's (Crim. Plead., p. 73,) lays it down, that where the defendant has any special matter to plead in abatement, or in bar, or if the indictment be demurrable, he should plead it, or demur at the time of arraignment before the plea of not guilty. This the defendant has done, and we are of the opinion his plea should have been entertained, and there was error in the court declining to do so.

The judgment of the court below must therefore be reversed and the verdict set aside and the case remanded that the truth of the matter set forth in the defendant's plea may be inquired of.

Error.                                   Reversed.