STATE v. JOSEPH BARBEE.

*Indictment—Motion to Quash.*

1. A motion to quash should be made on arraignment and before pleading; it will never be entertained after verdict.

2. It is very desirable that when parties to actions appeal for *delay merely* they should content themselves with *one* exception, which will answer their purpose as well as a greater number.

(*State* v. *Jarvis*, 63 N. C., 556, cited and approved).

This was an INDICTMENT for larceny, tried before *Clark, Judge,* at July Term, 1885, WAKE Superior Court.

The defendant was convicted, and from the judgment thereon pronounced he appealed.

*The Attorney General* for the State.

*Messrs. A. M. Lewis & Son* and *J. C. L. Harris,* for the defendant.

ASHE, J.   The jury found the defendant guilty.   The Court pronounced judgment, and the defendant appealed.

The defendant, on the trial, took seven exceptions to the rulings of his Honor in admitting and rejecting evidence, no one of which was tenable.

In the "case on appeal" it is stated that the defendant moved to quash the indictment.   When this motion was made, if made at all, does not appear.   It certainly does not appear in the record proper that such a motion was ever made.   The defendant was twice put on his trial—first at the ———— Term, 188–, of same Court, when there was a mistrial, and then at the July Term, 1885, when he was convicted and appealed to this Court. At each of these terms of the Court, the defendant was arraigned and pleaded not guilty.   Strictly, a motion to quash must be made on the arraignment and before pleading, and will never be entertained after verdict.   *State* v. *Jarvis,* 63 N. C., 556.   But conceding it to have been made in apt time, there is no ground that we have been able to discern in the record for quashing the indictment or arresting the judgment.

When defendants appeal merely for delay, it is very desirable that they should content themselves with *one* exception, which will answer their purpose just as well as seven or more.

There is no error.   Let this be certified to the Superior Court of Wake county, that the case may be proceeded with according to law.

No error.                                             Affirmed.