THE STATE v. C. C. GARDNER.

*Jurors, Qualification of—Motion to Quash—Statute—Discretion—Appeal.*

1. The fact that one of the grand jurors who found a true bill had at that time a suit pending and at issue in the same Court is sufficient ground to support a motion to quash (*The Code*, § 1741) the indictment if the motion is made in apt time.

2. If the motion to quash for disqualification of a grand juror is made *before* plea the defendant has a right to have the motion granted; if made *after* plea, but before the jury is impaneled, it may be granted or not, in the sound discretion of the Judge, but if it is not made until after the jury is sworn the objection shall be deemed to have been waived.

3. Where the motion was made after plea, but before the jury was impaneled, and the Judge refused it upon the ground that it was not made in apt time: *Held* to be error. Had he put his refusal upon the exercise of his discretion, or had he simply disallowed the motion without assigning a reason, no appeal would lie from his ruling.

4. To render a person eligible to serve as a juror it must appear that he has paid the taxes due from him for the fiscal year next preceding the time when his name was placed on the jury list.

This was an Indictment for Murder, tried at the September Term, 1889, of the Superior Court of WAYNE County, before *Armfield, J.*

The prisoner was arraigned on Tuesday of the first week of the Court and pleaded not guilty, whereupon the Court set the case for trial on Friday of same week, ordered a special venire of one hundred, had the names drawn from the jury box in accordance with the provisions of *The Code*, § 1739. When the case was called for trial, and before any juror had been drawn or sworn, the prisoner moved to quash the bill of indictment for that James H. Egerton, a member of the

grand jury, had a suit pending and at issue in the said Superior Court when the bill was found.

His Honor held, conceding that the said juror was at the time a party to such suit, the motion was not made in apt time, but should have been made before the prisoner was arraigned and pleaded.

The other material facts are stated in the opinion of the Court.

*The Attorney General* and *Mr. E. C. Smith*, for the State.
*Mr. C. B. Aycock*, for the defendant.

AVERY, J.—after stating facts as above set forth: The exception to the refusal of the Court to allow the motion to quash, is founded upon the construction placed by the pris-oner's counsel upon § 1741 of *The Code*, which is as follows:

" All exceptions to grand jurors for and on account of their disqualifications, shall be taken before the jury is sworn and impaneled to try the issue, *by motion to quash the indictment*, and if not so taken, the same shall be deemed to have been waived."

This section was first enacted as a part of *The Code*, and took effect in November, 1883. Prior to that time the old distinction, that a motion to quash was proper when the defect complained of was apparent on the face of the record, while a plea in abatement was the appropriate proceeding, where it was necessary to prove matters *dehors*, the record had not been uniformly observed, but had been adverted to in a number of cases. Hence, there were differences of opinion as to the proper method of raising the objection to the quali-fication of a grand juror, as will appear from an examination of the authorities cited and discussed by Chief Justice SMITH in *State* v. *Haywood*, 94 N. C., 847, to-wit: *State* v. *Haywood*, 73 N. C., 437; *State* v. *Griffice*, 74 N. C., 316; *State* v. *Smith*, 80 N. C., 410. *State* v. *Baldwin, ibid.*, 390; *State* v. *Blackburn*,

*ibid.*, 474; *State* v. *Watson*, 86 N. C., 624; *State* v. *Barbee*, 93 N. C., 498.

The departure from the old rule having, in some instances, received the sanction of the Court, it seems to us that the intimation of the Chief Justice (in *State* v. *Haywood*, 94 N. C., 847), that the section (1741) was enacted to settle the dispute by declaring definitely that a motion to quash would lie on objection to the qualification of a grand juror, foreshadowed the proper interpretation to be given it. The case last named was heard in this Court at the term next succeeding the enactment of the Code, and doubtless the evil that the law was intended to remedy was this uncertainty and conflict of opinion, as it should be the object of the legislators of every good government to make the law so plain that every citizen may understand its provisions sufficiently well to know his rights and discharge his legal duties to the State. Prior to the passage of the statute it had been unmistakably settled, that whether it was *proper* to file a plea in abatement or make a motion to quash, it was "in apt time" to pursue either course when the defendant was *arraigned* and *before he entered his plea* to the indictment. We cannot agree that the practice, always recognized and acquiesced in as a part of the common law, should be declared abolished by an implication that is not at all clear, when we can otherwise give effect to the statute by construing it as a remedy for an acknowledged evil. We do not believe that the Legislature intended to permit the counsel of a prisoner to lie in wait, holding in reserve information as to a juror's disqualification till a special venire has been summoned in the county where the crime was committed, or, still worse, till the same stage of the proceeding after a removal to another county. It is not probable that the law-making power intended to enact a statute inconsistent with the manifest meaning, and in conflict with the just operation, of other existing laws.

We are of opinion, therefore, that, according to the true import of the statute, the prisoner had the right to make the motion to quash up to the time when he was arraigned and entered his plea, and, after the plea was entered, it was within the sound discretion of the Judge below to allow or refuse the motion till the jury were sworn and impaneled to try the case. This strict construction gives effect to all the provisions of the statute, but does not abrogate the established common law practice not repugnant to them.

But the learned Judge who tried the case, did not make his ruling in the exercise of his discretion. He held that the motion to quash was not in apt time, whether made in the assertion of a right or as an appeal to the discretion of the Court, and in this we think that he erred. It would not have been error if he had simply disallowed the motion without giving reason or explanation, or avowedly in the exercise of his discretion.

But, as the case will go back for a new trial, it is proper to pass upon another point, raised by a number of the exceptions entered on behalf of the prisoner. Six of the original panel of jurors, as they were respectively called, were asked by the Solicitor whether they had paid tax for the year 1889, and, after the response on the part of each that he had not, the challenge of the State on that ground was allowed in the face of the prisoner's objection. The exceptions of the prisoner to the rulings on each of these objections was clearly well taken.

In the case of *Sellers* v. *Sellers*, 98 N. C., 13, Justice MERRIMON, for the Court, says: " The first assignment of error cannot be sustained. The name of the juror challenged must, in the order prescribed by the statute (*The Code*, §§ 1722, 1727), have been selected and placed on the jury list on the first Monday in September, 1885. To render him eligible to sit on the trial as a juror at the Spring Term, 1886, of the Court, when it took place,

he must have paid tax for the fiscal year next preceding the time when his name was so placed on the jury list, which was the fiscal year 1884. It appears he paid tax for that year, hence the objection is unfounded." *State* v. *Carland*, 90 N. C., 668 ; *State* v. *Haywood*, 94 N. C., 847.

It appeared that each of the jurors, both of the original panel and the special venire, who were challenged because they had not paid tax, had in fact paid tax both for the year 1887 and 1888, while it was sufficient to establish their eligibility under the rule that the payment was made for the former year. Under the provisions of chapter 53, of the Laws of 1887, the same causes of challenge that were good as to a tales juror are allowed as to jurors summoned on a special venire.

For the causes mentioned the prisoner is entitled to a new trial.

Error.