THE STATE v. JAMES SHARP et al.

*Jurors, Grand—Challenges—Plea in Abatement—Indictment, Quashing.*

1. Plea in abatement filed before pleading generally to an indictment, is the proper way to raise the question of the qualification of an individual grand juror. Such plea will not be sustained, unless it shows the want of some positive qualification prescribed by law. All other objections to the competency of grand jurors must be taken by challenge in apt time.

2. The fact that the son of the prosecutor, in an indictment for larceny, was a member of the grand jury, and actively participated in finding the bill, did not vitiate the indictment, and it was error to quash it on that ground.

INDICTMENT for the larceny of corn, the property of Nelson Howell, with a count for receiving, heard on demurrer to a plea in abatement, at Spring Term, 1891, of HAYWOOD Superior Court, before *Brown, J.*

The defendants filed a formal plea, in which they ask that the indictment be quashed, for that, Kinsey Howell, a member of the grand jury that found the indictment, as they are

informed, was a son of Nelson Howell, who is marked as prosecutor of said cause, and whose goods are charged in the bill to have been taken, and that the said Kinsey Howell "actively engaged in finding said bill a true bill." The demurrer of the State to the plea in abatement was overruled, and the Solicitor for the State appealed.

*The Attorney General,* for the State.

*Messrs. J. C. L. Gudger* (by brief) and *G. S. Ferguson,* for defendant.

AVERY, J.: This is not a challenge to the array, but a motion to quash made before arraignment by plea in abatement, and founded upon the idea that a particular grand juror was disqualified because he is a son of the prosecutor, and that his incompetency vitiated the action of the whole inquisitorial body which found the indictment. It is well settled in this State that a plea in abatement, filed before the defendant has demurred or pleaded to the indictment, and founded upon the fact that a single member of the grand jury that returned it into Court was at the time disqualified by law to serve in that capacity, must be allowed on sufficient ground for a motion to quash, if admitted by demurrer or established by a verdict. *State* v. *Seaborn,* 4 Dev., 305; *State* v. *Watson,* 86 N. C., 624; *State* v. *Baldwin,* 80 N. C., 390; *State* v. *Smith, Ibid,* 410; *State* v. *Haywood,* 73 N. C., 437; *State* v. *Wilcox,* 104 N. C., 847; *State* v. *Gardner,* 104 N. C., 739.

The general rule is that such a plea will not be sustained, if admitted to be true, unless it show a want of some positive qualification prescribed by law; that all other objections to the competency of a grand juror must be taken, if at all, by challenge, and will not be heard after the time for challenging is passed. Thom. & Mer. on Juries, sec. 533; Bishop Cr. Procedure, sec. 739; *People* v. *Jarrett,* 3 Wend., 314; 12 Am. and Eng. Enc., 343*a.* It was held by the Supreme

Court of Ohio, in a well considered opinion, that the fact that a member of the grand jury which found an indictment for murder was a nephew of the person murdered was not sufficient to make good a plea in abatement to the indictment. *State* v. *Easter,* 30 Ohio St., 542; 32 Ohio St., 353; *Commonwealth* v. *Tucker*, 8 Mass., 286; *United States* v. *Williams,* 1 Dillon, 485. This plea has not been regarded with favor by the Courts because of the expense, delay and danger of the escape of criminals that grow out of entertaining it. Thom. & Mer., *supra,* secs. 535 and 536, and the authorities referred to in notes; *State* v. *Rickey,* 5 Hals., 83. It will appear by reference to authorities, that are seemingly in conflict with our position, that they depend upon the construction of some local statute providing specially a mode of challenge. The Ohio decisions cited *supra* rested upon the principle that the Court could not go beyond the disqualifications specified in their statute, and say " the grand juror must also be no kin to those injured by the accused."

The case of *State* v. *Rockafellow,* 1 Hals , 340, has been cited as sustaining the opposite view, yet that was in fact a case where a grand juror was disqualified by statute, and the plea in abatement was sustained on that ground. The same Court, however, afterwards, in *State* v. *Rickey, supra,* held that a plea in abatement, on the ground that a grand juror who had acted in finding the indictment had previously expressed the opinion that the defendant was guilty, would not be sustained because such objection could be heard only, if at all, as a ground of challenge. While it would not be error in a Judge to sustain a challenge to the competency of a petit juror, who was a stockholder and holder of notes of a bank, in an action brought to recover funds wrongfully taken from said bank by a defendant, a plea in abatement to an indictment for embezzling the same money, filed by the same defendant on the ground that the stockholder was a member of the grand jury that found the indictment, has

been disallowed. The refusal to sustain such a plea rested upon the ground that the juror was not interested in the prosecution, as he would neither gain nor lose by a conviction. Thomp. & Mer., secs. 571 and 180 The Court of Ohio has gone much further, in holding that one who had contributed to a fund being subscribed to break up an unlawful traffic by prosecuting those engaged in it was not disqualified, if otherwise competent, to serve on the grand jury that passed upon indictments for the offence which he had so endeavored to suppress. *Koch* v. *State, supra.* The general principle seems to be that a desire to enforce the law is to be commended in a grand juror as in every other citizen. A trial by twelve of his peers is guaranteed to every man who is indicted, and the right of challenge is his protection against bias, interest or prejudice on the part of that body. Thomp. & Mer, *supra*, secs. 572, 181 and 202. Apart from the disqualifications mentioned in sections 1722, 1728 and 1733 of *The Code*, there is no statutory bar to service on grand or petit juries in this State, and, as there is no provision made by our statutes for challenging a grand juror on account of interest or bias, we can only superadd to those express disqualifications such others as were recognized at common law. *State* v. *Seaborn* and *State* v. *Wilcox, supra.*

In the two cases last cited, this Court held that an indictment should be quashed where it is made to appear, upon plea in abatement filed in apt time, either that a grand juror was not actually drawn or summoned, or that he resided at the time of service in a county other than that in which he served.

In the case at bar the demurrer admits, what is alleged in the plea, that Kinsey Howell, a son of the prosecutor, marked on the indictment, was a member of the grand jury and actively "engaged in finding said bill a true bill." This action cannot be fairly construed to mean more than that he took part in the discussion and favored the finding of

the indictment. Such participation by him in the deliberations of the body, as we have shown, did not vitiate its action. *State* v. *Easter, supra.* The affidavit of the defendant does not attribute to Howell, at most, more than a commendable desire to bring persons against whom probable cause had been shown to trial for larceny. His motives were not impeached, nor was he charged with corrupt practices. Had it appeared that he resorted to any fraudulent trick or conspiracy to induce the body to favor the finding of the indictment, a different question would have been presented for our consideration, and one which we are not called upon to discuss. A delicate sense of the proprieties of life might suggest to one, so closely connected by consanguinity or affinity as to make him amenable to objection as a juror on the trial of the same case, that the foreman of the body is clothed with power to excuse him, if he ask to be excused lest his motives might be questioned, either temporarily or permanently, as under the circumstances might seem best to him. But if Kinsey Howell were allowed to remain unchallenged on a petit jury empaneled in this case, and that jury should return a verdict of guilty on this indictment, it will not be contended that the verdict could be disturbed on account of his relation to the prosecutor. Indeed, where a grand juror manifests a purpose to remain in the body while it is deliberating upon a charge against himself, there is conflict of authority as to the power of the Court to compel him to retire, though the weight of authority and reason sustain the right of the Court to make such an order. Thomp. & Mer., § 571.

It must be remembered that a plea, which is intended to vitiate the action of the grand jury for the incompetency of a single member of the body, is quite different and distinct from a challenge to the array, because the jurors were not chosen by the agency or in the manner prescribed by law. *Boyer* v. *Teague*, 106 N. C., 576.

For the reasons given, and upon the authorities cited, we are of opinion that there was error in overruling the demurrer, and the judgment of the Court below must be reversed.

Error.