## STATE v. THE DURHAM FERTILIZER COMPANY.

*Motion to Quash Indictment—Challenge—Taxes—Code—Commissioners.*

1. A motion to quash an indictment made before defendant entered his plea, on the ground that three of the grand jurors had failed to pay their taxes for the preceding year, was properly sustained.

2. It is not a sufficient ground to quash an indictment that the Commissioners failed to comply with section 1722 of *The Code* as amended by Acts of 1887, in that they *selected* for jurors such as had not paid their taxes. The statute is directory, and a challenge to grand jurors on this account, unless some actual corruption is shown, will not be sustained.

INDICTMENT, heard on motion to quash, at Spring Term, 1892, of ORANGE Superior Court, before *Whitaker, J.*

The statement of case is as follows: " This case being now called for the first time, and the defendant, before pleading or answering the indictment, having filed a motion to quash, supported by affidavits, and there being no evidence offered by the State, the Court finds the facts to be as follows, to-wit, The bill of indictment was found at November Term, 1891, which began on the second Monday of November, 1891; that the Town Commissioners drew the jury for said term,

on the 5th of October, 1891, which was the first Monday in said month of October; that among the jurors so drawn were Jones Sparrow, James Miller and George W. Smith, all of whom were drawn as grand jurors and served as such during the whole session of said grand jury at said term; that none of said jurors had paid their taxes for the year 1890, when he was drawn as a juror for said term, though said Miller paid his taxes thereafter on October 31, 1891, and said Sparrow had not paid his taxes for 1890 when he served on said grand jury and has not yet paid them."

The defendant's motion to quash the indictment was thereupon allowed by the Court and judgment entered discharging the defendant, and the Solicitor for the State appealed, assigning error in law, in that the Court allowed the motion to quash upon the facts found.

*The Attorney General*, for the State.
*Messrs. John W. Graham* and *W. W. Fuller*, for defendant.

AVERY, J.: The motion to quash having been made before the defendant entered his plea to the indictment, was in apt time, and it being admitted that three of the grand jurors had failed to pay their taxes for the year 1890, which was the year preceding that in which the jurors were drawn in September, 1891, there was no error in granting it. *State* v. *Gardner*, 104 N. C., 739 ; *Sellers* v. *Sellers*, 98 N. C., 17 ; *State* v. *Carland*, 90 N. C., 668 ; *State* v. *Haywood*, 94 N. C., 847. But it was suggested on the argument that the jury were not drawn in accordance with the provisions of section 1722, as amended by the Act of 1887, ch. 559. The requirement of the statute in its amended form is that "the Commissioners for the several counties, at their regular meeting on the first Monday of September in the year 1892, and every four years thereafter, shall cause their clerks to lay before them the tax returns for the preceding year for their county, from which

they shall select the names of such persons only as have paid tax for the preceding year and are of good moral character and of sufficient intelligence." The statutory regulation of the manner of making up the list from which the several juries are to be taken, or drawing the juries, has always been held in this State to be not mandatory but directory merely, and in the absence of any proof of bad faith or corruption on the part of the officers charged with the duty, their action, though not in strict compliance with the statute in this respect, has been declared valid. *State* v. *Griffice,* 74 N. C., 319 ; *State* v. *Haywood,* 73 N. C., 437; *State* v. *Martin,* 82 N. C., 672 ; *State* v. *Wilcox,* 104 N. C., 852. In the cases cited, and in others, the distinction is clearly drawn between the objections that the grand jury as a whole was not drawn and constituted in the regular mode, and those directed to the competency of the individual grand jurors after the body is organized. *State* v. *Griffice, supra; Lee* v. *Lee,* 71 N. C., 139. At different periods of the history of the State, the properly constituted authorities of the counties have been required to revise the jury lists at longer or shorter intervals and at different seasons of any given year. It is proper that every public officer should obey the law prescribing his official duties, but it would seriously impede and embarrass the administration of justice if every person charged with a criminal offence could impeach the action of the grand jury and avoid arraignment upon an indictment upon no higher ground than that it had been found by a grand jury not drawn at a given season of a given year, or at certain recurring intervals fixed by statute. Such an interpretation of the law would lead to inconvenience so serious as to preclude the idea that the requirement as to the time of drawing should be construed more strictly than that prescribing the manner of selecting. When it appears to the Court that there were, or might have been, corrupt practices growing out of, or connected with a departure from the law, a

different rule very properly prevails with regard to petit, if not in reference to grand juries. *Boyer* v. *Teague*, 106 N. C., 620.

We conclude, that as the law enjoined the duty of revising the list in 1892, and every fourth year thereafter, but did not, in terms, prohibit the yearly revision between the time of the passage of the act in 1889 and September, 1892, a challenge to a grand jury drawn in the intervening years, or at a time other than that prescribed by statute, should not be sustained, certainly where it was not made to appear that the departure from the literal requirements of the law actually led or would naturally have given rise to corrupt practices in their selection.

No Error.