STATE v. H. A. PARAMORE and J. A. RICKS.

(Filed 26 February, 1908).

1. **Jurors—Improperly Drawn—Grand Jury—Improperly Constituted.**
   While, generally, the provisions of the statute for drawing and summoning jurors are directory, the grand jury is illegally constituted when one whose name was not drawn from the boxes was summoned by mistake, and served by mistake.

2. **Jurors—Grand Jury—Improperly Constituted—Motion to Quash—Plea in Abatement.**
   A motion to quash a bill of indictment upon the ground that the grand jury was illegally constituted is substantially a plea in abatement, and in such instances is proper and regular.

3. **Jury—Grand Jury—Improperly Constituted—Motion to Quash—Apt Time.**
   A motion to quash an indictment, made upon arraignment and before pleading, for that the grand jury was improperly constituted, is in apt time. Revisal, 1970.

INDICTMENT for embezzlement, heard by *Lyon, J.,* at April Term, 1907, of the Superior Court of PITT County.

Defendants were indicted for embezzlement, and moved to quash the indictment, upon the ground that the grand jury had been improperly constituted. With reference to this matter, the Judge found the following facts:

1. William McLawhorn was summoned as a juror for April Term, 1907, and his name was returned to the court by the Sheriff as a juror, with thirty-five other names, making thirty-six in all on the jury list. When the court convened, William McLawhorn was one of the first eighteen persons drawn and selected as grand jurors, and he served on the grand jury for the term at which the bill of indictment was found against the defendants.

2. The name of William McLawhorn was not in the jury box when the commissioners of the county drew the jurors to serve at the April Term, and his name was not, therefore, drawn from the jury box, but the name of Woodie McLawhorn was drawn by the commissioners as a juror to serve at the said term, and the Sheriff, confusing the two names, placed the name of William McLawhorn, instead of that of Woodie McLawhorn, on the jury list, and summoned William McLawhorn in the place of Woodie McLawhorn to serve as a juror, and the said William McLawhorn appeared in answer to the summons and served as a juror. Woodie McLawhorn, whose name was drawn from the jury box by the commissioners, was not summoned as a juror and did not serve.

Upon the facts so found by the court, the indictment was quashed. The State excepted to the ruling of the court, and appealed.

*Assistant Attorney-General* for the State.
*Moore & Long* for defendants.

WALKER, J., after stating the facts: The defendants, upon their arraignment, and before pleading, moved to quash the indictment and supported their motion by affidavits. This was substantially a plea in abatement, which is the proper and regular method of attacking the bill upon the ground stated in the record. *State v. Haywood,* 73 N. C., 437. Provision is made by the law for drawing and summoning jurors. Revisal, secs. 1964, 1965, 1966 and 1976. The requirements of the law, with very rare exceptions, have been held by this Court to be directory. *State v. Daniels,* 134 N. C., 646; *State v. Haywood, supra.* The statute provides that the board of commissioners of each county shall draw the jurors who are to serve. at a term of the Superior Court from box No. 1, which contains the scrolls containing the names of those who are qualified to serve as jurors, and who are, therefore, subject to jury duty. When the jurors are thus drawn, the scrolls are deposited in box No. 2. The clerk of the board is required to prepare a list of the jurors so drawn and to deliver the same to the Sheriff of the county, who summons the jurors whose names are on the list to attend at such court. In this case it appears that the Sheriff substituted the name of William McLawhorn for that of Woodie McLawhorn. The name of the former was not on any scroll in box No. 1, and he was not drawn as a juror by the commissioners. The Sheriff, under the circumstances of this case, had no authority of law for substituting the one person for the other as a juror, and his act in doing so was, of course, utterly void. William McLawhorn was not a duly qualified juror for the term of the court at which the bill of indictment was returned by the grand jury, and, as he was selected and served as a grand juror for that term, and, at least presumably, took part in finding the bill, the grand jury was not properly constituted.

This is an exception to the general and almost universal rule that the provisions of the law for drawing and summoning jurors are directory. Here, there was what has been

STATE *v.* PARAMORE.

called a positive disqualification of one of the jurors; indeed, William McLawhorn was not and could not be a grand juror, and the grand jury was, for that reason, illegally impanelled to serve as the accusing body at that court. In *State v. Seaborn*, 15 N. C., at p. 309, *Chief Justice Ruffin* refers to the subject thus: "It is insisted that the grand jury must be composed only of those summoned, and that if one be impanelled on it by a different name from all those summoned, he must be taken to be a different person, and the bill is not well found. This objection, if founded in fact and taken in due season, would, in the Superior Court, have been unanswerable, and had it then been overruled it would have been error." It is true that he was there speaking for himself, but a *dictum* emanating from him is of itself entitled to the greatest consideration and is at least very persuasive authority, but it has more recently been approved and adopted as a correct statement of the law. *State v. Haywood, supra; State v. Daniels, supra; State v. Griffice,* 74 N. C., 316; *State v. Sharp,* 110 N. C., 604; *State v. Watson,* 86 N. C., 624; *State v. Baldwin,* 80 N. C., 390; *State v. Smith, ib.,* 410. In this case the motion of the defendants was made in apt time. Revisal, sec. 1970, and cases *supra.*

For the reason we have given, the bill was not well found and was properly quashed by the court.