### THE STATE v. APPLEWHITE WATSON.

*Statute—Drawing Jurors—Quashing Indictments.*

While the provisions of the statutes fixing the number of jurors to be drawn by the County Commissioners is directory, and an indictment will not be quashed for failure to comply with them particularly, where it does not appear that such failure was corrupt, yet they are very essential to the impartial administration of justice, and their non-observance is the subject of censure, if not punishment.

This was a CRIMINAL ACTION for misdemeanor, tried before *Armfield, J.,* at June Term, 1889, of WILSON Superior Court.

*The Attorney General,* for the State.
No counsel for the defendant.

Shepherd, J.: The defendant moved to quash the indictment because "it appeared from the record that the county commissioners had caused forty-four, instead of thirty-six, names to be drawn from the (jury) box to constitute the jury."

When the jurors who found this bill were drawn, the law (*The Code*, § 1727) provided that only thirty-six should be drawn for the first week of a term of Court.

The limitation is so plainly expressed that we are at a loss to understand why the commissioners should have disregarded it. "It is very important that the statutory regulations in respect to the selection of jurors shall be faithfully observed. A due observance of them greatly promotes the fair and intelligent administration of public justice, and besides, the plain commands of a statute should never be neglected or disregarded by those charged with special duties." *State* v *.Hensly,* 94 N. C., 1021.

"Their details should be strictly observed and followed, and any intentional non-observance of them is the subject of censure, if not of punishment." *State* v. *Haywood,* 73 N. C., 437.

While we are very sure that, in this instance, the commissioners were not actuated by any improper motives, we desire to express our decided disapprobation of the too frequent non-observance of the regulation in respect to the preparation and revision of the jury lists and the drawing of jurors.

Although many of these regulations have been held to be *directory* only, a willful and corrupt disregard of them will nevertheless fall within the condemnation of the criminal law of the State. Following the cases of *State* v. *Martin,* 82 N. C., 672; *State* v. *Haywood,* and *State* v. *Hensly, supra,* we hold that the regulation in question is only directory, and as there does not appear to have been any improper motive

on the part of the commissioners, or that any ineligible person was selected as a grand juror, we must sustain his Honor in his refusal to allow the motion to quash. ·

Affirmed.