Territory v. Chung Nung,. 21 Haw. 66.

## TERRITORY OF HAWAII *v.* CHUNG NUNG

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 18, 1912                    DECIDED MARCH 26, 1912

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

JURY—*jurors excused prior to service of summons.*

> The excusing of jurors prior to service of summons and of
> the court's own motion, if not contemplated by the statute, is,
> at most, a mere irregularity of which a defendant under in-
> dictment has no reason to complain, if the grand jury finding
> the indictment and as finally constituted is composed wholly
> of qualified jurors, and if the defendant is not injured by the
> proceedings.

OPINION OF THE COURT BY DE BOLT, J.

To an indictment against the defendant, found by the grand
jury of the circuit court of the first circuit on February 7,
1912, the defendant filed a plea in abatement, alleging, in sub-
stance, that the members of the grand jury were not legally
qualified to serve, in that, on the date fixed pursuant to law
for drawing the names of twenty-three persons to serve as
grand jurors during the 1912 term of the circuit court of the
first circuit, and upon the names of twenty-three persons being
so drawn, the circuit judge, then presiding, of his own motion,
summarily excused from service, without causing them to be
summoned, four of those so drawn, upon the ground that they
were "serving on the jury of the United States District Court;"
four, upon the ground that their names "had not been released
from the envelop" containing the names of those who had
served at the preceding term; one, upon the ground that he was
"living in the outside district where it would be impossible for
him to attend;" one, upon the ground that he was "in the Phil-
ippines;" two, upon the grounds that "one is a bookkeeper at
Aiea and the other is manager of the Pearl City Fruit Co., and
it will be impossible for them to attend without great expense

to the county, * * * living too far away from the center of activity;" that the circuit judge thereupon caused a sufficient number of names of other persons to be drawn from the grand jury box to complete the panel of twenty-three, and a summons was issued accordingly; that the grand jury, as thus constituted, found and returned the indictment in question; that the clerk, not only drew the names of twenty-three persons to serve as grand jurors, but that he drew the names of thirty-five persons to serve as grand jurors; that "this is the first opportunity which" the defendant "has had to raise" these "objections and challenge to the grand jury, * * * in that he was arrested and confined in the county prison * * * subsequent to the impaneling of the grand jury * * * and was not present when the persons constituting said grand jury * * * were, or any, or either, of them were sworn or examined upon their voir dire, or when the said grand jury * * * was impaneled and sworn." The prayer is that the indictment be quashed and dismissed.

The Territory interposed a demurrer to the plea in abatement upon the ground that it "does not state facts sufficient to warrant the quashal or dismissal of the indictment." The circuit judge now presiding at the trial of criminal cases has reserved for the consideration of this court the question as to whether the demurrer shall be sustained or not.

The plea in abatement does not allege, nor does it in any way appear, that the action of the circuit judge in the drawing and impaneling of the grand jury was based upon any improper motive. Neither is it alleged, nor does it appear, that any member of the grand jury was disqualified or incompetent to serve. No injury or prejudice to the defendant is pointed out. Counsel for the defendant in his oral argument frankly admitted that he did not question the good faith of the circuit judge, nor the qualification of any member of the grand jury. But he contends, however, that the circuit judge in excusing the persons from service whose names were drawn

as above stated and the drawing of the names of others to complete the panel, acted beyond the scope of his legal powers, and that such action on his part was, in effect, a selection of the grand jury by the judge, and not a selection by lot; consequently there was no grand jury.

The contention of the Territory is, that the plea in abatement does not show any irregularity in the drawing and impaneling of the grand jury, and that even did any irregularity exist the matter not being one touching the qualification or competency of the persons drawn and impaneled to act as a grand jury, and the action of the circuit judge not being fraudulent or tainted with fraud, and there being no intent to prejudice the defendant, and no prejudice to him in fact resulting, the irregularity, if such exists, cannot be taken advantage of by him, especially after the complete organization of the grand jury. We do not deem it necessary to express an opinion as to whether or not the defendant had the right to raise the question now before us by plea in abatement. We will assume however, for the purposes of this case, that the questions presented are properly before us. This brings us to the consideration of the sufficiency of the plea itself, which involves the questions as to the action, as well as the power, of the circuit judge in summarily excusing from jury service the persons whose names had been drawn from the grand jury box and the drawing of others to complete the panel.

The circuit courts are necessarily vested with considerable discretion in the matter of excusing persons from jury service. The exercise of this discretion is ordinarily invoked by the juror himself after he has been duly summoned to serve; but the excusing of jurors prior to service of summons and of the court's own motion, if not contemplated by the provisions of the statute (R. L. §§1773, 1774), is, at most, a mere irregularity of which a defendant under indictment has no reason to complain, if the grand jury finding the indictment and as finally constituted is composed wholly of qualified persons,

Territory v. Chung Nung, 21 Haw. 66.

and if the defendant is not injured by the proceedings. R. L. §1795; *Territory* v. *Johnson*, 16 Haw. 743, 748; *Matsumura* v. *County of Hawaii*, 19 Haw. 496, 497. We disapprove, however, of the course pursued by the circuit judge in summarily excusing from jury service the persons whose names were drawn and for whom no summons had been issued and served. While statutory provisions relative to the manner of drawing, serving, excusing and impaneling of jurors are generally held to be directory only, still, it is always advisable to adhere to their requirements, and not unnecessarily incur the risk of error or prejudice to interested parties. *State* v. *Watson*, 104 N. C. 735; *State* v. *Champeau*, 52 Vt. 316. We cannot say in this case that the action of the circuit judge was such as to render the organization of the grand jury illegal, or such as to vitiate the indictment. We are also of the opinion that the names of the persons who constituted the grand jury were drawn by lot; that the grand jury was legally constituted; and that the indictment against the defendant is valid. The demurrer to the plea in abatement should be sustained. The question reserved, therefore, is answered in the affirmative.

*F. W. Milverton, First Deputy City and County Attorney of Honolulu,* for the Territory.

*Lorrin Andrews* for defendant.

### CONCURRING OPINION OF ROBERTSON, C.J.

The irregularity complained of is not such as to warrant the quashing of the indictment. The procedure prescribed by the statute should, however, be followed by the circuit judges. Section 1774 of the Revised Laws provides that if a person entitled to be excused from jury duty has been summoned as a juror he may make and transmit his affidavit setting forth his reason for claiming an excuse, and that the same shall be considered by the judge "when the name of such person is called." If the affidavit is deemed sufficient in substance it shall be received as an excuse for non-attendance in person and

the court will order it to be filed by the clerk. And section 1784 provides that, "at the time when the order for the grand jurors is returnable, or as soon thereafter as convenient, the clerk, under the direction of the court, shall call the names of those summoned, and the court may then hear excuses of jurors summoned."

A trial judge ought not to substitute a procedure of his own for that prescribed by the legislature. Should a practice so to do grow up it would be apt to cause the legislature to go to the extreme of making the statutory provisions mandatory as was done in Oklahoma. See *Sharp* v. *United States,* 138 Fed. 878. Perhaps the circuit judges should be authorized to set aside the names of jurors for such reasons as appealed to the judge in the case at bar at the time of the drawing, but the procedure should be prescribed by the legislature and not inaugurated by the courts.