EL PUEBLO, DEMANDANTE Y APELADO, *v.* PILLOT, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa por soborno.

No. 643.—Resuelto en abril 30, 1914.

ACUMULACIÓN DE CASOS—DISCRECIÓN DEL TRIBUNAL SENTENCIADOR.—La concesión de una moción sobre acumulación de causas descansa en la discreción del tribunal y su resolución no será revocada a menos que se demuestre que ha abusado de su facultad discrecional.

SUSPENSIÓN DEL JUICIO—SEÑALAMIENTO DE TRES CAUSAS DE SOBORNO PARA TRES DÍAS CONSECUTIVOS—CITACIÓN DE JURADOS ESPECIALES—TÉRMINO CRIMINAL ESPECIAL.—El hecho de que se hayan señalado tres causas criminales por soborno contra distintos acusados para tres días consecutivos sin expresar el

orden en que han de ser juzgadas, y el que se hayan citado jurados espe-
ciales y se haya convocado un término criminal especial en medio de un
término de juicios civiles, no son motivos suficientes para pedir la suspensión
de un juicio en ausencia de otras razones más poderosas para ello.

JURADO—RECUSACIÓN GENERAL DEL PANEL—PAPELETAS DE JURADOS SACADAS DE
LA URNA PARA OTRO JUICIO—URNA CON MENOS DE DOSCIENTAS PAPELETAS.—
Ni el hecho de que la corte haya sacado veinte papeletas de jurados de la
urna para que actuaran en otro juicio ni el de que la urna no contuviera
doscientas papeletas de jurados al tiempo de ser sacadas las papeletas, son
motivos suficiente para recusar en general todo el *panel.*

ID.—RECUSACIONES MOTIVADAS—RECUSACIONES PERENTORIAS NO AGOTADAS.—La
denegatoria de una recusación motivada no constituye error cuando el acu-
sado no agota las recusaciones perentorias que le concede la ley.

ID.—JUICIO PÚBLICO—EXCLUSIÓN DE OTRO JURADO DE LA SALA.—Cuando la corte
le pide pero no le ordena a un jurado que ha de conocer en otro caso que
se retiren de la sala de sesiones, tal petición no constituye error ni le quita
al juicio su carácter de público.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, fiscal.*

Abogados del apelante: *Sres. F. Cervoni Gely y Manuel A. Martínez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una causa por un delito de soborno en la cual el acusado fué condenado a la pena de diez años de presidio. El otro acusado Vázquez fué absuelto. Numerosos son los errores que se alega fueron cometidos por la corte inferior pero solamente uno de ellos hace referencia a los errores cometidos después de habérsele tomado juramento al jurado. Las demás infracciones de ley que han sido alegadas se refieren a cuestiones anteriores a la celebración del juicio.

Al ser llamado el caso para juicio presentaron los acusados una moción solicitando la consolidación del caso con otras dos causas que existían, una contra Vázquez y otra contra Ventura García y otros, por el mismo delito, fundándose en que los testigos serían los mismos y en otras razones semejantes. Pero algunos de los testigos eran otras personas y aun siendo las mismas, los hechos que habían de probarse podrían ser distintos. La cuestión era enteramente de la discreción de la corte y no existe indicación alguna de que se haya abusado de dicha discreción. Además, en California

parece que el Estado tiene la facultad de elegir entre formular o nó conjuntamente la acusación. Véase el caso de *People* v. *Plyer,* 121 Cal., 160.

Los errores segundo, tercero y cuarto se refieren a la negativa de la corte a suspender el juicio. Parece que los tres juicios por soborno estaban señalados para los días 14, 15 y 16 de septiembre, sin determinarse cuál de los casos había de ser llamado primeramente y que la corte podía proceder a la celebración de los juicios de estos casos en la forma que estimara más conveniente. No se demostró que hubiera habido ningún perjuicio. Otro fundamento para solicitar la suspensión fué que la corte además del *panel* regular de 24 jurados citados para el día 14 de septiembre ordenó el sorteo de otros seis cuando ya habían sido sorteados otros 20 para el juicio señalado para el día 15 de septiembre. La corte en realidad dispuso que se sortearan los otros seis para el caso de que fueran necesarios. No vemos que se haya cometido ningún error como tampoco razón alguna para la suspensión. Véase en relación con este particular el caso de *El Pueblo* v. *Vázquez,* resuelto en el día de hoy. El tercer motivo aducido para la celebración de un nuevo juicio fué que la corte había habilitado un término criminal especial encontrándose en la mitad de un término civil. El fundamento no parece tener ninguna importancia puesto que la corte no se encontraba en vacaciones sino a mediados de un término de juicios.

El quinto error hace referencia a la omisión de la corte en declarar con lugar la recusación que se hizo al *panel.* Uno de los fundamentos fué el de haberse citado jurados extraordinarios, el cual ya ha sido discutido. Aun cuando esto hubiera sido irregular no se demostró que hubiera habido ningún perjuicio. Otro motivo de recusación fué el de que la urna de donde fueron extraídos los 24 jurados sólo contenía 180 nombres cuando debió haber contenido los nombres de 200 jurados. Los autos son sumamente indefinidos en cuanto a esta cuestión. No aparece de un modo claro el hecho

de que no se encontraran en la urna los 200 nombres cuando se procedió al sorteo de los 24. Es cierto que existen indicaciones en los autos de que la corte había ordenado el sorteo de 20 nombres para el día siguiente, aunque no existe prueba categórica de que no se hubieran sorteado debidamente los 24 nombres. Y en relación con este punto véanse también los razonamientos expresados por este tribunal en el caso de *El Pueblo* v. *Vázquez,* resuelto en el día de hoy. Otros fundamentos de recusación son variaciones de este curioso tema, lo que constituye también el sexto señalamiento de error.

El séptimo error se refiere a la omisión de la corte en declarar con lugar una recusación motivada. Como la defensa no agotó sus recusaciones perentorias, es jurisprudencia bien sentada que se renuncia a aquéllas.

El octavo señalamiento de error hace referencia al hecho de haber denegado la corte la objeción formulada por el acusado a la pregunta hecha por el Fiscal respecto a si las ideas políticas de un jurado podrían influir en su veredicto, no habiéndole permitido la corte al acusado hacer una pregunta semejante a ésta. La pregunta fué en realidad si el jurado era adversario a los Unionistas y podía ser impugnada por su forma. Además el jurado manifestó que sus ideas políticas no influirían de modo alguno en su veredicto. No sabemos si este jurado llegó a actuar como tal en el juicio, pero de todos modos es lo cierto que la defensa no agotó sus recusaciones. No vemos que haya habido ningún error o perjuicio.

La corte indicó aunque no lo ordenó que aquellos jurados que no formaban parte del pequeño jurado salieran del salón de la corte. Los jurados no estaban obligados a cumplir con esta indicación. Además, para que esto pueda ser alegado como error tendría que demostrarse que no se admitió al público, o en otras palabras, que no se celebró un juicio público.

El décimo error que se alega es el de haber sido declarado culpable el acusado de un delito de soborno por prueba de cómplices que no ha sido corroborada. Hubo mucha prueba

corroborante suministrada por otros testigos, parte de ésta circunstancial y parte por las admisiones directas del acusado de que había recibido dinero para repartirlo entre otros jurados con el fin de que se absolviera a Amy, a quien se acusó del delito de homicidio y había tratado de sobornar a dichos jurados.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.