PEOPLE, PLAINTIFF AND APPELLEE, *v.* JULIÁ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Bribery.

No. 1060.—Decided May 21, 1917.

BRIBERY—JURY—NEW PANEL—DISCRETION OF COURT.—The regular jurors of the first panel were in attendance, but a number of them had been challenged by reason of their having taken part in a similar prosecution. The court ordered another panel of twenty-four to be summoned and combined these with the eligible men of the first panel, so that there were more than thirty jurors in attendance. *Held:* That this was not a violation of section 199 of the Code of Criminal Procedure, which limits the number of jurors to twenty-four, because the court has ample discretion under section 202 of the said code and the doctrine is well established that a greater number of jurors cannot prejudice the defendant; that similar statutes are merely directory, and that the courts will not reverse in the absence of a showing of prejudice.

ID.—ID.—CHALLENGE.—It is not error to overrule challenges for cause when the defense does not exhaust its challenges.

ID.—EVIDENCE—DISCRETION OF COURT.—The prosecution was attempting to prove in a case of bribery that a candidate copied different subjects from different students, and instead of showing first that the examinations were copied by the candidate, the prosecution proved the model from which the

copy was made. The admission in evidence of one before the other is a precedence in proof within the discretion of the court and is not error unless abuse or prejudice be shown.

ID.—ID.—BOARD OF PHARMACY—DEPOSIT OF BRIBE—CORROBORATIVE EVIDENCE.— The evidence showed that the defendant was the president of the Board of Pharmacy and principally intervened in the matriculation of candidates for examination; that a candidate was matriculated and admitted to examination by the defendant without having the necessary qualifications therefor; that the candidate and his uncle had interviews with the defendant with the understanding that the Board of Pharmacy should pass the candidate on the condition that he send to the defendant $100 for admitting him and furnishing him with the questions and answers; that this sum was paid by a check given to a son of the defendant and deposited to the account and credit of the latter, and that the examinations were copied from the papers of other students. *Held*: That this evidence was sufficient; that the fact that the check was not shown to have been delivered directly to the defendant was not important, for the jury had a right to infer from the deposit made to the account of the defendant and the manner of its deposit that it was for the benefit of the defendant; that the check was corroborative evidence of its delivery, and that the fact that the defendant was in charge of the examinations has corroborative force.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellant.

*Messrs. Salvador Mestre, Fiscal* of the Supreme Court, and *Luis Campillo,* District *Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant first complains of error in the selection of the jury. Section 199 of the Code of Criminal Procedure is as follows:

"Whenever the criminal business of the district court requires the attendance of a trial jury, and no jury is in attendance, the court may make an order directing that a trial jury be drawn and summoned to attend before said court. Such order must specify the number of jurors to be drawn, which shall not exceed twenty-four, and the time at which the jurors are required to attend. And the court may direct that criminal cases in which a jury may be required, be continued and fixed for trial when a jury shall be in attendance."

The regular jurors previously drawn were in attendance, but it appears that a number of them had been challenged by reason of their having taken part in a similar prosecution.

So the judge summoned another panel of 24 and combined with the latter 24 men the eligible men from the first panel, so that there were more than 30 jurors in attendance on the court. The defendant objected on the ground that section 199 limited the number of jurors to twenty-four. In this case there are sufficient indications in the record that the judge had reason to believe that 24 jurors would not be enough and hence that he exercised his discretion under section 202 of the Code of Criminal Procedure as follows:

"If a sufficient number of trial jurors duly drawn and notified do not attend or cannot be obtained, in the opinion of the judges, without great delay or expense to form a jury, the court may, in its discretion, direct the clerk to draw from the box, in the presence of the court, the names of as many persons as the court deems sufficient for that purpose."

The cases of *People* v. *Acosta,* 11 P. R. R. 240, *People* v. *Morales,* 14 P. R. R. 227, *People* v. *Vázquez,* 20 P. R. R. 338, *People* v. *Pillot,* 20 P. R. R. 353, show that the court has a wide discretion in this matter of drawing a jury and we find no abuse or prejudice to the appellant. The manner of selection was at best a mere irregularity as indicated in the above cases. Similar pronouncements are found in *State* v. *Medley* 66 S. E. 358, *State* v. *Watson,* 10 S. E. 705, *People* v. *Sowell,* 145 Cal. 292, *State* v. *Straub,* 47 Pac. 227, *People* v. *Richards,* 82 Pac. 691, *State* v. *Croney,* 71 Pac. 783, to the effect that a greater number of jurors cannot prejudice defendant and that similar statutes are merely directory and that the court will not reverse in the absence of a showing of prejudice.

Certain exceptions were taken to the overruling of challenges for cause, but the defence did not exhaust its challenges and hence there was no error. *People* v. *Kent,* 10 P. R. R. 325; *People* v. *Morales,* 14 P. R. R. 227; *People* v. *Vázquez,* 20 P. R. R. 338; *People* v. *Pillot,* 20 P. R. R. 354.

The government was attempting to show that a candidate copied different subjects from different students and instead

of showing first that the examinations were copied by said candidate, the government proved the model from which the copy was made. The mere identity was some circumstantial proof that one paper was copied from the other. The fact that one was shown in evidence before the other is a precedence in proof in the discretion of the court and the appellant has shown us neither abuse nor prejudice.

In his eighth assignment of error the appellant maintains that the statements of the witness Enrique P. Arroyo were erroneously admitted as they did not tend to show that questions and answers were furnished by the appellant. But the witness said that the answers were given him by the appellant to enable witness to pass and the weight of the testimony was for the jury.

The ninth assignment of error goes to the sufficiency of the proof. Hereunder the appellant maintains that Enrique P. Arroyo and Arturo Roque were both accomplices of any alleged crime of the appellant and that their statements stood alone uncorroborated. Also appellant maintains that there was no proof that he received the amount of the check offered as evidence of the bribe. On or about the time of the facts related in the information in this case the appellant was President of the Board of Pharmacy. It was principally he who intervened in the matriculation of candidates for examination and yet the proof tends to show that Enrique P. Arroyo was admitted by the appellant to examination without having the necessary qualifications for matriculation and that the appellant knew of the said lack. The evidence brought into record largely by Arroyo and his uncle, Arturo Roque, tended to show that each had interviews with the appellant with the understanding that the Board of Pharmacy should pass Arroyo. The appellant, according to this testimony, indicated to Roque that his nephew should send the said appellant the sum of $110, $10 for the matriculation and $100 for him in exchange for having admitted him, and the appellant agreed to furnish him with the means for

passing, giving him the appropriate questions and answers. As a consequence a check was drawn to the order of Arroyo, turned over by him to his uncle Roque, who turned it over to one of the sons of the appellant who delivered it to another son and by the latter it was deposited to account and credit of the appellant, both sons understanding that it was intended for their father although perhaps for a different purpose. The receipt of the check was proved conclusively, and there was strong evidence to show that it was deposited to the account of the appellant, all of this proved independently of the testimony of Arroyo or his uncle Roque. The fact that it was not shown to have been turned over to the appellant directly made no difference. The jury had a right to infer from the deposit made to the account of the appellant and the manner of its deposit that it was for the benefit of the appellant. The check alone tended to corroborate Arroyo and his uncle Roque. The fact that the appellant was in charge of the examinations in connection with other proof has corroborative force as well as the fact that Arroyo was matriculated without having a right thereto. There was independent proof tending to show that the examinations were in fact copied from the papers of other students. The Government suggests that there is a considerable technical doubt as to whether the person who gives a bribe is an accomplice of the person who receives it, inasmuch as the former could never be convicted in the same prosecution as the bribe acceptor. As we think the proof of corroboration was sufficient, we shall not decide that legal question in this case.

There was an appeal in this case, not only from the judgment, but also from an order denying a new trial. In a separate brief with regard to the motion for a new trial the appellant maintains that the court unduly admitted a certificate signed by Carlos Llauger, saying that he had examined Arroyo on certain subjects necessary for matriculation. Llauger testified that he did not know Arroyo and

Arroyo said that he was not examined before Llauger, but as the latter admitted his signature and the certificate was among the other papers seized belonging to appellant, we find no error. The judgment and the order must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

On June 5, 1917, a motion for reconsideration was overruled.