EL PUEBLO, DEMANDANTE Y APELADO, *v.* JULIÁ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito de soborno.

No. 1060.—Resuelto en mayo 21, 1917.[1]

JURADOS—SORTEO DE NUEVO PANEL—DISCRECIÓN JUDICIAL.—El hecho de que el juez ordene que se sortee un nuevo panel de veinte y cuatro jurados y los combine con otros jurados regulares sorteados primeramente por resultar que varios de éstos fueron recusados por haber tomado parte en una causa semejante, de manera que había más de treinta jurados constituídos, no es una infracción del artículo 199 del Código de Enjuiciamiento Criminal que limita el número de jurados a veinte y cuatro, pues de acuerdo con el artículo 202 del mismo código el juez tiene amplia discreción sobre el particular. La jurisprudencia demuestra que un mayor número de jurados no perjudica al acusado, que los estatutos semejantes son meramente directorios, y que no se revocará la sentencia, a no ser que haya abuso o perjuicio.

ID.—RECUSACIONES MOTIVADAS.—No es un error desestimar ciertas recusaciones motivadas, cuando la defensa no agota todas a las que tiene derecho.

SOBORNO—PRIORIDAD EN LA PRESENTACIÓN DE PRUEBA—DISCRECIÓN JUDICIAL.— Se trataba de probar en una causa por soborno que un aspirante a farmacéutico había copiado distintas materias de diferentes estudiantes, pero en vez de demostrarse primero que los exámenes fueron copiados por dicho

---

[1] Reconsideración denegada en junio 5, 1917.

aspirante, se presentó como prueba el modelo del cual se había hecho la copia. Esta prioridad en la presentación de una prueba antes que la otra, es discrecional en la corte y no constituye error. Debe probarse que se cometió abuso o que se ocasionó perjuicio.

Id.—Junta de Farmacia—Suficiencia de la Prueba.—De la prueba resulta que el acusado era el Presidente de. la Junta de Farmacia, quien principalmente intervenía en la matrícula de los aspirantes; que un aspirante fué matriculado y admitido a exámenes por el acusado sin reunir los requisitos necesarios para ello; que el aspirante y un tío suyo celebraron entrevistas con el acusado, en la inteligencia todos de que la junta aprobaría los exámenes, para lo cual el aspirante debía enviar al acusado cien pesos por admitirlo a los exámenes y suministrarle las preguntas y contestaciones; que esta suma fué dada en un cheque entregado a uno de los hijos del acusado y depositada finalmente a la cuenta y crédito de éste. Hubo además prueba tendente a demostrar que los exámenes fueron copiados .de los papeles de otros examinandos. *Se resolvió:* que esta prueba era suficiente; que no importaba el hecho de no haberse probado que el cheque fué entregado directamente al acusado, pues el jurado tenía derecho a inferir que el depósito, en la forma en que fué hecho, era para beneficio del acusado; que el cheque era prueba corroborativa de su entrega, así como el hecho de que el acusado estaba a cargo de los exámenes.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José de Guzmán Benítez.*

Abogados del apelado: *Sres. Salvador Mestre, Fiscal del Supremo,* y *Luis Campillo, Fiscal del Distrito.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El apelante alega en primer término que se cometió error al elegirse el jurado. El artículo 199 del Código de Enjuiciamiento Criminal prescribe lo siguiente:

"Siempre que los asuntos criminales del tribunal de distrito requieran la presencia del jurado para juzgarlos y no se halle presente ninguno, el tribunal puede dictar providencia disponiendo que se designe por sorteo un jurado para conocer de la causa y que se le cite a comparecer ante dicho tribunal. Dicha providencia debe expresar el número de jurados que han de sacarse a la suerte, no debiendo este número exceder de veinte y cuatro, y el día y hora en que su presencia se requiera; y el tribunal puede disponer que los juicios criminales en que pueda necesitarse un jurado, se prorroguen hasta hallarse constituído dicho jurado."

Los jurados regulares sorteados primeramente estaban constituídos, pero resultó que varios de ellos fueron recusa-

dos por haber tomado parte en una causa semejante.   En vista de esto el juez ordenó que se sortease otro *panel* de 24 y combinó con los últimos 24 jurados las personas elegibles del primer *panel,* de manera que había más de 30 jurados constituídos en la corte.   El acusado se opuso a esto fundándose en que el artículo 199 limitaba el número de jurados a veinte y cuatro.   En este caso hay suficientes indicios en los autos de que la corte tenía razón para creer que no había bastante con veinte y cuatro jurados y de aquí que ejercitara su discreción de acuerdo con el artículo 202 del Código de Enjuiciamiento Criminal, el cual prescribe lo siguiente:

"Si no concurriese un número suficiente de jurados debidamente sorteados y notificados, o no se pudieren obtener, en opinión de los jueces, sin gran dilación o gastos para la formación del jurado, el tribunal, si lo estima procedente, puede ordenar al secretario que a presencia del propio tribunal, extraiga de la urna los nombres de tantas personas como dicho tribunal crea suficientes para aquel objeto."

Los casos de *El Pueblo* v. *Acosta,* 11 D. P. R. 249, *El Pueblo* v. *Morales (a) Yare Yare,* 14 D. P. R. 234, *El Pueblo* v. *Vázquez,* 20 D. P. R. 361, *El Pueblo* v. *Pillot,* 20 D. P. R. 376, demuestran que la corte tiene una amplia discreción en esta cuestión de sortear un jurado y no vemos que haya habido abuso o perjuicio para el apelante.   La forma de hacer la elección fué a lo sumo una mera irregularidad como se indica en los casos citados.   Iguales pronunciamientos se hacen en los casos de *State* v. *Medley,* 66 S. E. 358, *State* v. *Watson,* 10 S. E. 705, *People* v. *Sowell,* 145 Cal. 292, *State* v. *Straub,* 47 Pac. 227, *People* v. *Richards,* 82 Pac. 691, *State* v. *Croney,* 71 Pac. 783, para demostrar que un número mayor de jurados no puede perjudicar al acusado, que los estatutos semejantes son meramente directorios y que la corte no revocará la sentencia, a no ser que se demuestre que ha habido algún perjuicio.

Ciertas excepciones fueron tomadas al ser desestimadas las recusaciones motivadas, pero la defensa no agotó sus recusaciones y por consiguiente no se cometió error. *Pueblo v. Kent,* 10 D. P. R. 343, *El Pueblo v. Morales (a) Yare Yare,* 14 D. P. R. 234, *El Pueblo v. Vázquez,* 20 D. P. R. 361, *El Pueblo v. Pillot,* 20 D. P. R. 376.

El Gobierno trataba de probar que un aspirante copió distintas materias de diferentes estudiantes y en vez de demostrar primero que los exámenes fueron copiados por dicho aspirante, presentó como prueba el Gobierno el modelo del cual se había hecho la copia. La mera identidad era alguna prueba circunstancial de que un papel había sido copiado del otro. El hecho de haber sido presentado como prueba uno de ellos antes que el otro es una prioridad en la prueba discrecional en la corte y el apelante no nos ha probado que hubiera cometido abuso u ocasionado perjuicio.

En su octavo señalamiento de error sostiene el apelante que las manifestaciones hechas por el testigo Enrique P. Arroyo fueron admitidas erróneamente, puesto que no tendían a demostrar que los preguntas y contestaciones fueron facilitadas por el apelante. Pero el testigo dijo que el apelante le dió las contestaciones para que el testigo pudiera pasar en los exámenes y el peso de la declaración era de la incumbencia del jurado.

El noveno señalamiento de error se refiere a la suficiencia de la prueba. En este señalamiento sostiene el apelante que Enrique P. Arroyo y Arturo Roqué ambos eran cómplices de cualquier supuesto delito por parte del apelante y que sus manifestaciones quedaron sin ser corroboradas. También alega el apelante que no hubo prueba de que él recibió el importe del cheque presentado como prueba del soborno. Allá para la fecha de los hechos referidos en la acusación formulada en este caso el apelante era Presidente de la Junta de Farmacia. Fué él principalmente quien intervino en la matrícula de aspirantes a exámenes y la prueba, sin embargo,

tiende a demostrar que Enrique P. Arroyo fué admitido por el apelante a los exámenes sin reunir las condiciones necesarias para ser matriculado, y que el apelante tenía conocimiento de que no reunía estos requisitos. La prueba que ha sido traída a los autos principalmente por Arroyo y su tío Arturo Roqué tendía a mostrar que cada uno de ellos había celebrado entrevistas con el apelante, en la inteligencia de que la Junta de Farmacia aprobaría a Arroyo en sus exámenes. El apelante, según esta prueba, indicó a Roqué que su sobrino debía enviar a dicho apelante la suma de $110, $10 para la matrícula y los $100 restantes para él, por haberlo admitido, y el apelante convino en suministrarle los medios para poder pasar, dándole las debidas preguntas y contestaciones. Como consecuencia de esto fué librado un cheque a la orden de Arroyo, y entregado por éste a su tío Roqué, quien lo pasó a uno de los hijos del apelante y éste a otro hijo, siendo depositado por el último a la cuenta y crédito del apelante y entendido por ambos hijos que era para ser entregado a su padre, aunque tal vez para otro objeto. Se probó concluyentemente el recibo del cheque y hubo fuerte prueba para demostrar que dicho cheque fué depositado a la cuenta del apelante, todo lo cual quedó probado independientemente de la declaración de Arroyo o de su tío Roqué. No importaba el hecho de no haberse probado que el cheque fué entregado directamente al apelante. El jurado tenía derecho a inferir por el depósito hecho a la cuenta del apelante así como por la forma en que se hizo dicho depósito, que era para beneficio del apelante. El cheque por sí tendía a corroborar lo manifestado por Arroyo y su tío Roqué. El hecho de que el apelante estaba a cargo de los exámenes, considerado en relación con otras pruebas, tiene fuerza corroborante, así como de haber sido matriculado Arroyo sin tener derecho a ello. Hubo prueba independiente tendente a demostrar que los exámenes en realidad fueron copiados de los papeles de otros estudiantes. Sugiere el Gobierno que existe una

duda técnica de consideración respecto a si la persona que da un soborno es un cómplice de la que lo recibe, puesto que la primera nunca podría ser declarada culpable en la misma causa como el que acepta el soborno. Como creemos que la prueba de corroboración fué suficiente, no resolveremos esa cuestión legal en este caso.

Hubo una apelación en este caso no solamente contra la sentencia, sino también contra la resolución denegando el nuevo juicio. En un alegato por separado y con relación a la moción de nuevo juicio, sostiene el apelante que la corte admitió indebidamente una certificación suscrita por Carlos Llauger en la cual se decía que él había examinado a Arroyo en ciertas materias necesarias para la matrícula. Llauger declaró que no conocía a Arroyo y éste manifestó que no fué examinado por Llauger, pero como éste último reconoció su firma y la certificación se encontraba entre los demás papeles que fueron ocupados y que pertenecían al apelante, no vemos que haya habido error.

La sentencia y resolución apeladas deben ser confirmadas.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.