EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JACINTO LÓPEZ DÁVILA, acusado y apelante.

No. 5656.—*Sometido:* Noviembre 20, 1935. *Resuelto:* Diciembre 24, 1935.

*A. Lastra Charriez, J. Casablanca y G. Jiménez Sicardó,* abogados del apelante; *R. A. Gómez, Fiscal y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Durante el curso de un proceso por asesinato incoado en la Corte de Distrito de San Juan, el acusado Jacinto López solicitó el traslado de la causa. En la moción se alegaba entre otras cosas, que el interfecto, Eugenio Santaella, pertenecía a una familia de gran influencia en San Juan; que los miembros de dicha familia estaban haciendo cuanto les era posible para influir la comunidad contra el acusado; que uno o más miembros de la familia específicamente habían tratado de influir a los jurados en el caso, así como a otros ciudadanos; que la vida del acusado corría peligro, acentuado esto por el hecho de que varios de los miembros de la familia Santaella tenían licencia para portar armas de fuego; que Luis Santaella había formado parte de un *panel* de jurados de la corte y aquél había influído o tratado de influir a otros jurados en el caso. Con una objeción que equivalía a una excepción perentoria, el fiscal atacó la suficiencia de la moción y la corte sostuvo la objeción. La teoría de la corte fué que, admitiendo todos los hechos, el acusado no había demostrado suficientes fundamentos para un traslado del caso.

En apelación contra la sentencia que lo declaró culpable, el apelante sostiene que la corte estaba obligada, de acuerdo con el estatuto, a oír prueba. Esto queda contestado por el hecho de que la corte positivamente dijo que ella estaba asumiendo que los hechos de la moción eran ciertos.

El apelante no trató de enmendar la moción y el juez de distrito dijo entonces que él daría al acusado otra oportunidad para reproducir su moción cuando los jurados fuesen examinados en el *voir dire.*

La corte parecía descansar en una práctica similar seguida en California, y el apelante hace algún hincapié en el hecho de que los estatutos de las dos jurisdicciones difieren entre sí. Examinando la jurisprudencia de California encontramos que sus cortes, sin hacer referencia al estatuto, discrecionalmente en casos como el presente dan a los acusados la oportunidad de solicitar de nuevo el traslado del caso si del examen de los jurados surge evidencia para sostener tal moción. La Corte de Distrito de San Juan no estaba siguiendo el estatuto de California, sino que ejercía la misma clase de discreción que allí se seguía.

Somos de opinión que la corte estuvo en lo cierto al resolver que la moción era insuficiente. La posibilidad de obtener un juicio justo e imparcial en la jurisdicción de San Juan, no fué en modo alguno excluída.

■ Más tarde el acusado atacó el *panel* tal y como quedó constituído. Esencialmente el ataque, según lo entendemos, se basó en el fundamento de que cierta persona, que iba a ser citada como jurado, no fué realmente citada.

El apelante se quejó en verdad de que el márshal no había hecho diligenciamiento respecto a los jurados efectivamente citados. Los autos que tenemos ante nos demuestran realmente que las personas que constituyeron el *panel* del que se insaculó el jurado en este caso, fueron todas debidamente citadas, con la sola excepción mencionada, y el dejarse de hacer el diligenciamiento, de ser un error, no fué perjudicial.

■■ Yendo ahora a la omisión de citarse a determinada persona, la jurisprudencia es suficientemente clara de que a menos que tal omisión sea intencional, no debe prevalecer una recusación al *panel*. Esto es enteramente consistente con nuestro estatuto, que lee así:

"Artículo 212.—Sólo puede fundarse la recusación de todo el jurado en que los procedimientos se hayan desviado considerablemente de las prácticas prescritas para el sorteo y formación de la lista de jurados o en que se haya omitido citar intencionalmente a

uno o más de los jurados sorteados.'' Artículo 212 del Código de Enjuiciamiento Criminal.

Igualmente, según hemos resuelto, y otros tribunales también lo han hecho, la constitución de un *panel* descansa en gran parte en la discreción de la corte sentenciadora. *El Pueblo* v. *Lanausse,* 30 D.P.R. 732; *El Pueblo* v. *Vázquez,* 20 D.P.R. 361; *El Pueblo* v. *Pillot,* 20 D.P.R. 376; *El Pueblo* v. *Juliá,* 25 D.P.R. 258.

No hallamos abuso posible en este caso. Además, si la omisión no fué intencional, sería aplicable el principio de que el acusado no agotó sus recusaciones perentorias. Desde luego, si la omisión hubiera sido intencional, él tenía derecho a presentar una objeción irrespectivamente de las recusaciones.

Como sucede corrientemente, al ser llamada la causa para juicio había jurados listos para intervenir en el juicio. Sin embargo, en casos de asesinato, la corte sabe que los jurados puede que no sean suficientes y de ordinario da los pasos necesarios para citar otros adicionales. Nuestro estatuto provee que la citación será hecha por un funcionario de la corte, pero el márshal que de ordinario actúa está autorizado para utilizar a agentes con tal fin y aun a valerse de telegramas, conforme se hizo en el caso que tenemos ante nos. *El Pueblo* v. *Lanausse,* supra. Además, la constitución final del *panel* cae en gran parte dentro de la discreción de la corte, según demuestran algunos de los casos ya citados en esta opinión.

El apelante señala otros dos errores. En su alegato original no los discutió y su moción solicitando permiso para radicar un alegato adicional fué negada por esta corte. No obstante, el fiscal discute estos señalamientos y los refuta suficientemente.

*La sentencia apelada debe ser confirmada.*